UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CORE SECURITY SDI
CORPORATION f/k/a
COURION CORPORATION,

                Plaintiff,

        v.

ALBANY MEDICAL CENTER,

                Defendant.
_____

1:18-cv-167
(GLS/CFH)

## SUMMARY ORDER

This action involves an arrangement gone awry between plaintiff Core Security SDI Corporation and defendant Albany Medical Center (AMC) involving software licenses and related professional services.[1] (Compl., Dkt. No. 1 ¶¶ 11-14, 85.)

Pending is AMC's motion for partial dismissal, (Dkt. No. 11), which is denied for the following reasons. In sum, AMC argues that Core's claims for breach of the implied covenant of good faith and fair dealing, (Compl. ¶¶ 92-97), and promissory estoppel, (*id.* ¶¶ 98-102), must be dismissed

---

[1] The court assumes the parties' basic familiarity with the facts and applicable standard of review at this stage. *See Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

because they are based on the same factual allegations as its breach of contract claim, (*id.* ¶¶ 86-91). (Dkt. No. 11, Attach. 1 at 1, 5-11.)

"[B]reach of the implied covenant [of good faith and fair dealing] is not a separate claim from breach of contract, it is an alternative means by which a contract may be breached." *Thompson v. Advanced Armament Corp.*, 614 F. App'x 523, 525 (2d Cir. 2015) (citing *Harris v. Provident Life & Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002)). It is possible for a party to not breach any express contractual provisions, yet breach the contract by breaching the implied covenant. *See Wiseman v. ING Groep, N.V.*, 16-cv-7587, 2017 WL 4712417, at *8 (S.D.N.Y. Sept. 28, 2017). A claim premised on a breach of the implied covenant should be dismissed as duplicative if it is based upon the same facts underpinning an express breach of contract claim. *See Research Found. of State Univ. of N.Y. v. Nektar Therapeutics*, No. 1:9–cv–1292, 2013 WL 2145652, at *8 (N.D.N.Y. May 15, 2013).

At this stage, Core's breach of the implied covenant of good faith and fair dealing claim, which is premised on the theory that AMC "attempt[ed] to claim Core was in material breach of the [a]greement without identifying a single contractual provision breached and without providing any time for

2

cure," (Compl. ¶ 96(d)), is distinct enough from Core's express breach of contract claim to allow it to survive.[2] Core's theories for its express breach of contract claim are that AMC "fail[ed] to provide Core with required access to subject matter experts, hierarchy information, authoritative source information, and necessary development environments," (*id.* ¶¶ 55-64, 89), and "refus[ed] to perform unless Core met terms that were not part of the [a]greement between the parties," (*id.* ¶¶ 80-84, 90). In contrast, Core's theory for an implied covenant claim, (*id.* ¶ 96(d)), rests on a different set of supporting facts entirely.

The parties' written agreement allowed either party to terminate the agreement for material breach if it provided thirty days notice of the breach and allowed the other party thirty days to cure. (*Id.* ¶ 50). A party terminating the agreement under this section could avoid paying the full amount otherwise due under the agreement. (*Compare id.*, *with* ¶ 49.) On

---

[2] AMC's argument that Core's breach of the implied covenant claim should be dismissed as duplicative is not completely without merit. (Dkt. No. 11, Attach. 1 at 5-9.) That is, many of the asserted theories behind Core's implied covenant claim arise from similar operative facts as its theories for the express breach of contract claim. (*Compare* Compl. ¶¶ 73, 88-90, *with* ¶¶ 96(a)-(c), (e).) As such, several of Core's alternative theories supporting its implied covenant claim, (*id.* ¶ 96(a)-(c), (e)), are untenable because they are redundant of its express breach of contract theories. *See Nektar Therapeutics*, 2013 WL 2145652, at *8.

3

May 11, 2017, AMC tried to trigger this provision when it provided written notification to Core that it was in material breach and that AMC was seeking to be relieved from the full payment due under the agreement. (*Id.* ¶ 68 (citing Attach. 1 at 73).) Although the letter asserted that "[t]he project is in material delay and the design offered by Core is simply not sustainable," it did not identify Core's alleged breach with the degree of clarity that one would expect from a sophisticated party like AMC. (Compl., Attach. 1 at 73.) Drawing all inferences in favor of Core, it is plausible that AMC was intentionally vague in this letter in an effort to stifle Core's opportunity to cure any breach and ultimately avoid paying the full amount otherwise owed under the agreement. (*Id.* ¶¶ 49, 50, 66-71.) Although no contractual provision expressly required AMC to elaborate on the breach alleged, a reasonable party seeking to trigger the termination for material breach provision of the agreement in good faith would identify the alleged breach with enough specificity to give the other party a fair opportunity to cure and receive the full benefit of its bargain. *See Evans v Famous Music Corp.*, 1 N.Y.3d 452, 462 (2004); *Wiseman*, 2017 WL 4712417, at *8. Given that different allegations support Core's implied covenant claim, this portion of AMC's motion to dismiss is denied.

As for Core's promissory estoppel claim, (Compl. ¶¶ 98-102), Core responds to AMC's motion by stating that "Core will agree to voluntary dismissal of the promissory estoppel claim without prejudice to being reasserted should AMC challenge the enforceability of the parties' agreement in the future." (Dkt. No. 15 at 2.) Although Core does not invoke any authority allowing for this claim's dismissal without prejudice, AMC does not object to such a dismissal in its reply. (Dkt. No. 16 at 6.) As such, given that AMC has not yet served an answer or motion for summary judgment, the court considers Core's promissory estoppel claim dismissed without prejudice under Fed. R. Civ. P. 15(a)(2), or, in the alternative, Fed. R. Civ. P. 41(a)(1)(A)(i). *See Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) ("[A] district court may permit withdrawal of a claim under Rule 15 subject to the same standard of review as a withdrawal under Rule 41(a).") (internal citations omitted); *see also Morron v. City of Middletown*, No. Civ.A.3:5CV1705, 2006 WL 1455607, at *2 (D. Conn. May 23, 2006). Accordingly, this portion of AMC's motion is denied as moot.

Accordingly, for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's promissory estoppel claim (Compl. ¶¶ 98-102) is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that defendant's motion to dismiss (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

March 15, 2019
Albany, New York

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge